IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BAKER, | § | |
| | § | No. 173, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1501007191 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 2, 2016
Decided: June 21, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

## O R D E R

This 21st day of June 2016, it appears to the Court that:

(1) On April 6, 2016, the appellant, William Baker, filed a notice of appeal from his guilty plea sentencing on January 8, 2016. On its face, the notice of appeal was untimely filed. Under Supreme Court Rule 6(a)(iii), the appeal was due to be filed by February 8, 2016.[1]

(2) On April 14, 2016, the Clerk issued a notice directing Baker to show cause why the appeal should not be dismissed as untimely filed. Baker filed a response, asserting that the appeal should not be dismissed because he informed his

---

[1] Del. Supr. Ct. R. 6(a)(iii) (providing that an appeal must be filed within thirty days after sentence is imposed in a direct appeal of a criminal conviction).

defense counsel both orally and in writing that he wanted to file an appeal. At the Court's direction Baker's defense counsel filed a response. Defense counsel responded that he has no recollection and the file does not suggest that Baker told him or informed him in writing that Baker wanted to appeal the guilty plea sentencing.

(3) When filing an appeal in the Delaware Supreme Court, "[t]ime is a jurisdictional requirement."[2] A notice of appeal must be received by the Office of the Clerk within the applicable time period to be effective.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court personnel, the appeal cannot be considered.[4]

(4) Defense counsel is not court personnel.[5] Consequently, even assuming that Baker timely informed his defense counsel of his desire to appeal (which counsel disputes), this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. The Court concludes that the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6 and

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989), *cert denied*, 493 U.S. 829 (1989).

[3] Del. Supr. Ct. R. 10(a).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] *Chrichlow v. State*, 2009 WL 2027250 (Del. July 14, 2009).

29(b), that the appeal is DISMISSED.

BY THE COURT:

_____
Justice